IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-10653
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE F. DILLMAN; WILLIAM C. HATFIELD,

Defendants-Appellants.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:91-CR-100-H
- - - - - - - - - -
May 30, 1997
Before Wisdom, Jolly, and Benavides, Circuit Judges.

PER CURIAM:[*]

     Convicted defendants George F. Dillman and William C.
Hatfield filed a motion for new trial based on newly discovered
evidence.  See Fed. R. Crim. P. 33.  They now appeal the district
court's denial of their motion.  Dillman and Hatfield challenge
the district court's analysis of the newly discovered evidence
premised on a Brady[**] violation and argue that the district court

_____

     [*]  The court has determined that this opinion should not be
published and is not precedent except under the limited
circumstances set forth in Local Rule 47.5.4.

     [**]  Brady v. Maryland, 373 U.S. 83 (1963).

violated due process by inspecting *in camera* the agents' notes, tendered *ex parte* by the Government, from the interviews with the uncalled witness, Kenneth Hird.  Each challenges the district court's denial of the motion in light of the submitted polygraph evidence.  Dillman also argues that a new trial should have been granted based on subsequent testimony of witness Mukesh Assomull, which Dillman contends demonstrates that Assomull lied during Dillman and Hatfield's trial.

We have carefully reviewed the arguments and the appellate record.  For essentially the reasons expounded by the district court in its order denying the motion, see United States v. Hatfield, No. 3:91-CR-100-H (N.D. Tex. June 3, 1996), we conclude that the district court did not abuse its discretion in denying the motion for new trial.  See United States v. Freeman, 77 F.3d 812, 817 (5th Cir. 1996).  Due process was not offended by the district court's use of an *in camera* inspection to determine the Brady issue.  See United States v. Mora, 994 F.2d 1129, 1139 (5th Cir. 1993).

AFFIRMED.